# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-50775

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTIAN M. JIMENEZ-MONTOYA

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
3:07-CR-2909-ALL

Before KING, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christian Jimenez-Montoya ("Jimenez") appeals his conviction under 21 U.S.C. §§ 841, 952, and 960 for importing marijuana and possessing with intent to distribute marijuana. Jimenez challenges the district court's refusal to allow the defendant to call the government's case agent as a witness and the exclusion of testimony by the defendant's sister. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS

In October 2007, Jimenez was stopped at an El Paso border checkpoint while driving a truck into the United States. Appearing nervous, Jimenez declared a six-pack of beer. He told the agent at the checkpoint that the truck belonged to a cousin and that he had been visiting a sick grandmother in Mexico. The agent noticed that the tools to lower and raise the truck's spare tire were loose in the bed of the truck. Border agents searched the truck and found more than 50 pounds of marijuana hidden inside the spare tire.

At trial, Jimenez testified that the truck did not belong to a cousin, but to Octavio Carrera, the ex-boyfriend of Jimenez's sister and father of her children. Jimenez testified that Carrera asked him to drive the truck into the U.S. Jimenez also testified that he was unaware of the marijuana in the truck.

The government listed as a possible witness their case agent, Special Agent Duane Carter, an agent of the Immigration and Customs Enforcement Agency ("ICE"). When the defendant sought to call Agent Carter as a possible witness in his case, the government objected, saying that Agent Carter was precluded from testifying because the defense did not comply with the *Touhy* regulations in 28 C.F.R. § 16.23(c).[1] The defense argued that a subpoena was not required as Agent Carter had been present in court throughout the trial and was sitting at the government counsel table. The district court sustained the objection, citing *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994), which upheld a

---

[1] 28 C.F.R. § 16.23(c) requires that those seeking testimony from a Department of Justice employee, where the United States is a party, first submit an affidavit "setting forth a summary of the testimony sought." Agent Carter, however, was an employee of the Department of Homeland Security, which has its own set of *Touhy* regulations. *See* 6 C.F.R. §§ 5.41-5.49. (In part, providing a procedure which must be followed to subpoena DHS employees and prohibiting those employees from testifying without department approval).

district court's decision to quash a subpoena seeking testimony from federal agents when the defense failed to comply with *Touhy* regulations.

Jimenez sought to establish with Agent Carter's testimony that Carrera (the owner of the truck) was cooperating with the government, thus bolstering Jimenez's defense that others set him up as an alternative ground for refusing to allow the agent to testify. The district court found that the agent's testimony was irrelevant to Jimenez's actual defense that he did not know the marijuana was in the truck. Jimenez said he intended to ask Agent Carter about inconsistent statements Carrera made to law enforcement agents regarding Jimenez's participation in transporting the marijuana. But because Carrera had not testified, the district court concluded he could not be impeached, and did not allow the testimony. Jimenez also asserted that he wanted to establish through Agent Carter's testimony that the agent had improperly contacted Jimenez post-indictment, apparently for the purpose of obtaining contact information regarding potential witnesses, including Jimenez's mother. The district court ruled that the agent's conduct was not an issue for the jury and was not relevant. Jimenez also wanted to question Carter about whether any photographs of the six-pack of beer existed which had not been produced. The district court ruled that Jimenez had no good faith reason to question whether the government failed to turn over evidence pursuant to a discovery order.

The district court also excluded testimony from Jimenez's sister, Melissa Jimenez. The defendant wanted to elicit testimony from his sister that she received a threatening phone call the night of her brother's arrest, and that later, Carrera's brother apologized for the threats. The district court found the testimony inadmissible hearsay.

Jimenez appeals.

3

## II. STANDARD OF REVIEW

A district court's decision to admit evidence is reviewed under an abuse of discretion standard. *United States v. Garcia*, 530 F.3d 348, 351 (5th Cir. 2008). A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.* (internal quotation marks and citation omitted).

## III. ANALYSIS

We are presented with two issues. First, did the district court commit reversible error by preventing Agent Carter from testifying? Second, did the district court abuse its discretion in finding inadmissible the testimony of both Agent Carter and Melissa Jimenez.

The district court did not commit reversible error by not allowing Agent Carter to testify. While the defense counsel proffered several facts it hoped to establish from Agent Carter's testimony, none of the facts proffered were probative to Jimenez's defense that he was unaware that the marijuana was in the truck. At best, Agent Carter's testimony might have established that Carrera knew of the marijuana. Establishing Carrera's knowledge of the marijuana, however, has no bearing on whether Jimenez himself was aware of the marijuana. Because Agent Carter's testimony was not relevant to Jimenez's defense, the district court did not abuse its discretion in finding all of Agent Carter's testimony inadmissible.[2]

---

[2] The district court also based its exclusion of Agent Carter's testimony in part on Jimenez's failure to comply with *Touhy* regulations. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Because Agent Carter is an agent for ICE, an agency within the Department of Homeland Security, the defense was required to comply with 6 C.F.R. §§ 5.41-5.49. Sec. 5.45(a) requires that a party seeking the testimony of a Homeland Security employee about information the employee acquired as part of his or her official duties, must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought" to the Office of the General Counsel. It is not disputed that Jimenez did not set forth in writing the information he was seeking from Agent Carter. While this court has previously held that compliance with a *Touhy* regulation is "mandatory" (*see United State v. Wallace*, 32 F.3d 921 (5th Cir. 1994), given that Agent Carter's testimony was

Jimenez also appeals the district court's exclusion of Melissa Jimenez's testimony that she received a threatening phone call after Jimenez was arrested and later an apology from Carrera's brother for that phone call. Regardless of whether the alleged phone call was hearsay, that Melissa Jimenez received a threatening phone call from Carrera's brother is irrelevant to Jimenez's defense. The alleged phone call may allow an inference to be made about the state of mind of the threatener, but it sheds no light on Jimenez's state of mind or knowledge of the presence of drugs in the vehicle at the time he drove to the border checkpoint. The most reasonable inference we can draw from the alleged threat is that the caller did not want to be implicated in the drug trafficking operation. Proof of the threat would not help Jimenez establish that he was "set up" by Carrera or others, or that he had no knowledge that the marijuana was in the vehicle. Because Melissa Jimenez's testimony is not relevant to Jimenez's defense, the district court did not abuse its discretion in excluding testimony about the phone call and apology.

## IV. CONCLUSION

For these reasons, we AFFIRM the district court's judgment.

---

not relevant, we need not need reach the issue of whether the failure to comply with 6 C.F.R. § 5.45(a) is mandatory in this case.